DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which denied the motion for postconviction relief filed by appellant, Leroy J. Scharf. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Following a jury trial, appellant was convicted of rape on October 31, 2000. Appellant was sentenced on February 1, 2001 to a term of incarceration. Appellant appealed his conviction and sentence. On November 9, 2001, we affirmed appellant's conviction. State v. Scharf
(Nov. 9, 2001), Ottawa App. No. OT-01-010.
 {¶ 3} On September 19, 2001, appellant filed a petition for postconviction relief, pursuant to R.C. 2953.21. The state filed, on September 27, 2001, a motion to dismiss appellant's petition. On October 25, 2001, the trial court dismissed appellant's petition on the basis that it was filed beyond the 180 time limit imposed by R.C. 2953.21(A)(2). Alternatively, the trial court noted that all of appellant's claims raised in his petition were barred by the doctrine of res judicata, insofar as they were evidentiary in nature and could have been raised on appeal.
 {¶ 4} Appellant appeals the trial court's dismissal of his petition and raises the following assignments of error:
Assignment of Error No. I:
 {¶ 5} "The appellant was denied the effective assistance of counsel because the court appointed attorney failed to timely file a petition for post conviction relief."
Assignment of Error No. II:
 {¶ 6} "The trial court abused its discretion in failing to consider the appellant's petition for post conviction relief timely filed."
 {¶ 7} In his first assignment of error, appellant argues that he was denied effective assistance of counsel insofar as his petition was untimely filed. In Ohio, postconviction relief proceedings are civil in nature and, consequently, a petitioner has no Sixth Amendment right to the effective assistance of counsel. State v. Scudder (1998),131 Ohio App.3d 470, 474. Moreover, R.C. 2953.21(I)(2), concerning petitions for postconviction relief, states that "[t]he ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section, in an appeal of any action under this section, or in an application to reopen a direct appeal." Accordingly, we find appellant's first assignment of error not well-taken.
 {¶ 8} In his second assignment of error, appellant argues that the trial court abused its discretion in failing to consider his petition for postconviction relief. Specifically, appellant argues that Civ.R. 6(B) permits the trial court to consider his petition for postconviction relief, insofar as its untimely filing was due to excusable neglect. We disagree.
 {¶ 9} "[T]he right to file a postconviction relief petition is a statutory right, not a constitutional right." State v. Yarbrough (Apr. 30, 2001), Shelby App. No. 17-2000-10. Additionally, "a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." State v. Calhoun (1999),86 Ohio St.3d 279, 281. As such, "a petitioner receives no more rights than those granted by the statute." Id.
 {¶ 10} Pursuant to R.C. 2953.23(A), a court may not entertain a petition for postconviction relief that was filed after the expiration of the period prescribed in R.C. 2953.21(A) unless both the following apply: (1) either the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or, subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) "the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." Insofar as appellant failed to demonstrate that the factors in R.C. 2953.23(A) apply, we find that the trial court correctly held that appellant's petition should be dismissed as having been untimely filed.
 {¶ 11} Moreover, we find appellant's argument concerning the application of Civ.R. 6(B) to be without merit. Civ.R. 6(B) only applies when an act is required or allowed to be done at or within a specified time by the Ohio Civil Rules or by order of court. Accordingly, Civ.R. 6(B) does not apply to the time limit set by R.C. 2953.21(A), for the filing of petitions for postconviction relief, as it is neither specified by the Ohio Civil Rules or by order of court. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 12} The judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal to be paid by appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.